UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

A.D., an Individual,

    Plaintiff,

v.     Case No: 2:22-cv-646-JES-NPM

CHOICE HOTELS INTERNATIONAL, INC., R&M REAL ESTATE COMPANY, INC., ROBERT VOCISANO, and MARIO VOCISANO,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of defendant Choice Hotels International, Inc.'s Motion to Dismiss Plaintiff's Complaint, or In The Alternative, Motion to Strike, and Memorandum in Support (Doc. #15) filed on November 14, 2022. Plaintiff filed a Response in Opposition (Doc. #26) on December 21, 2022, to which defendant Replied (Doc. #28) on January 10, 2023. Also before the Court is defendant R&M Real Estate Company, Inc., Robert Vocisano, and Mario Vocisano's Motion to Dismiss Plaintiff's Complaint or, In The Alternative, to Strike and Incorporated Memorandum of Law

(Doc. #16) filed on November 14, 2022, which was later amended[1] (Doc. #18) and filed on November 18, 2022. Plaintiff filed a Response in Opposition (Doc. #27) on December 21, 2022, and defendants filed a Reply[2] (Doc. #31) on January 18, 2023.

The Complaint (Doc. #1) alleges that between March 2012 and July 2012, plaintiff A.D., a resident of Collier County, Florida, was a victim of continuous sex trafficking at the Comfort Inn & Executive Suites® by Choice Hotels (Comfort Inn), in Naples, Florida. (Id., ¶¶ 10, 12, 36-37.)  The Complaint asserts a one-count claim against Choice Hotels International, Inc. (Choice) (franchisor) and R&M Real Estate Company, Inc. (R&M), Robert Vocisano, and Mario Vocisano for violation of the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595. (Id., p. 36.) All defendants argue that dismissal is appropriate because the Complaint does not comply with the pleading requirements set forth in Doe v. Red Roof Inns, Inc., 21

---

[1] Defendants R&M Real Estate Company, Inc., Robert Vocisano, and Mario Vocisano's motion was only amended to include Local Rule 3.01(g) certification. (Doc. #18, p. 1 n.1.)

[2] In Reply, defendants R&M Real Estate Company, Inc., Robert Vocisano, and Mario Vocisano filed a Notice of Joinder in Choice Hotels International, Inc.'s Reply In Support of Its Motion to Dismiss Plaintiff's Complaint, or In The Alternative, to Strike and Memorandum in Support (Doc. #28) filed on January 10, 2023. (Doc. #31, p. 1.)

F.4th 714 (11th Cir. 2021).  (Doc. #15, pp. 1-2; Doc. #18, pp. 2-3.) For the reasons set forth below, both motions are granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Iqbal, 556 U.S. at 678. Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

Defendants R&M, Robert Vocisano, and Mario Vocisano (collectively Vocisano Defendants) seek dismissal of Plaintiff's TVPRA claim for failure to state a claim under Rule 12(b)(6). (Doc. #18.) The only specific reference to the Vocisano Defendants is in paragraphs 12 and 13 of the Complaint. (Doc. #1, ¶¶ 12-13.) All other references in the "Factual Allegations" are about are about Choice, the "Brand Hotel Defendant", and the Comfort Inn & Executive Suites® hotels. (Id., ¶¶ 11, 14, 22-23, 31a-s.)

The Complaint contains no factual basis directed specifically at the Vocisano Defendants and separately from Choice. The Court finds no plausible statement of a claim against the Vocisano Defendants. The motion to dismiss will be granted as to the Vocisano Defendants without further discussion of the specific elements of a TVPRA claim.

4

**III.**

The TVPRA is a criminal statute that also provides a civil remedy to victims of sex trafficking. Section 1591(a) of the Act imposes criminal liability for certain sex trafficking:

> (a) Whoever knowingly--
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C.A. § 1591(a). In addition to a criminal punishment, the TVPRA provides the following civil remedy:

> (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

5

18 U.S.C. § 1595(a).

Thus, the TVRPA authorizes a victim of sex trafficking to bring a direct civil claim against the perpetrator of the trafficking and a "beneficiary" civil claim against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA]." 18 U.S.C. § 1595(a). To state a claim for beneficiary liability under the TVPRA, Plaintiff must plausibly allege that Choice "(1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA as to [A.D.]; and (4) [Choice] knew or should have known that the venture violated the TVPRA as to [A.D.]." Red Roof Inns, Inc., 21 F.4th at 726.

### IV.

Choice asserts that the Complaint fails to plead sufficient facts to plausibly allege <u>any</u> element of the TVPRA claim. (Doc. #15, pp. 8-20.) The Court addresses each element in turn.

**A. "Knowingly Benefitted"**

To satisfy the first element of a TVPRA beneficiary claim, plaintiff must allege that defendant "knew it was receiving some value from participating in the alleged venture." Red Roof Inns, 21 F.4th at 724. As the Eleventh Circuit stated,

> "Knowingly benefits" means "an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt

6

> about the existence of a fact." Knowledge, Black's Law Dictionary (11th ed. 2019). And Section 1595(a) explains that a defendant may benefit "financially or by receiving anything of value." Accordingly, a plaintiff like the Does must allege that the defendant knew it was receiving some value from participating in the alleged venture.

<u>Id.</u> at 723-24. In the absence of a more stringent statutory pleading requirement, knowledge "may be alleged generally." Fed. R. Civ. P. 9(b). The Complaint alleges that "Choice knowingly benefited, or received something of value, from its participation in a venture which it knew or should have known violated the TVPRA through, *inter alia*, royalty payments, licensing fees, and percentages of the gross room revenue which Choice is entitled to under the franchise agreements." (Doc. #1, ¶ 11p.) The Complaint further alleges that "Choice benefits financially from room rentals and other incidentals recognized by renting rooms in which the Plaintiff was sex trafficked." (Doc. #1, ¶ 11q.)  The Court has found that similar allegations are sufficient to satisfy the first element, see <u>S.Y. v. Naples Hotel Co.</u>, 476 F. Supp. 3d 1251, 1257 (M.D. Fla. 2020), and that less robust allegations are insufficient, <u>A.D. v. Holistic Health Healing, Inc.</u>, 2:22-cv-641-JES-NPM, 2023 U.S. Dist. LEXIS 32258, 2023 WL 2242507, *2-3 (M.D. Fla. Feb. 27, 2023). While Choice raises factual disputes, resolution of those disputes is beyond the proper scope of a motion to dismiss.  The Court finds that this element has been sufficiently pled.

7

### B. "Participation" In A "Venture"

Choice argues that the Complaint fails to plausibly allege that Choice "participated" in a sex trafficking "venture" that it "knew or should have known violated the TVPRA" as to A.D. (Doc. #15, pp. 8-13.) Choice asserts that the alleged facts are insufficient to show that Choice even knew of or interacted with Plaintiff or her traffickers, much less that it "participated" in a "venture" in violation of the TVPRA. (Id., pp. 10-12.)

Plaintiff must allege that the benefit(s) received by Choice was from "participation in a venture" which Choice knew or should have known has engaged in an act in violation of the TVPRA as to A.D. 18 U.S.C. § 1595(a). The Eleventh Circuit rejected the statutory definition of "participation in a venture" found in the criminal provision, § 1591(e)(4), which defined "participation in a venture" as "knowingly assisting, supporting or facilitating a violation of subsection (a)(1)." Instead, the Eleventh Circuit held that "participation in a venture" in the civil context requires that plaintiff allege that the franchisor "took part in a common undertaking or enterprise involving risk and potential profit." Red Roof Inns, 21 F.4th at 725. A complaint must plausibly plead both "participation" and a "venture."

As in Red Roof Inns, the Court begins with the description of the venture A.D. alleges. Red Roof Inns, 21 F.4th at 726. The sex trafficking violation of the TVPRA with respect to A.D. began

8

in November 2011 when a man not identified in the Complaint "took advantage of her innocence and forced her into a sexual encounter" under the guise of a loving relationship and "would soon traffick [sic] her in hotels throughout Central Florida." (Doc. #1, ¶ 33.) A second trafficker soon became involved, and A.D. became the victim of sex trafficking at Defendants' hotel approximately between March and July 2012. (Id. at ¶¶ 34-37.) A.D. was forced to perform commercial sex acts at the Comfort Inn routinely for approximately four months. (Id. at ¶¶ 4, 37, 39.) During this time, there was a "parade of unregistered male guests" coming to A.D.'s hotel room and A.D. was sexually exploited numerous times. (Id. at ¶ 41.) Defendants "continued to operate a venture which enabled, harbored, held, facilitated, . . . the repeated and continuous trafficking, exploitation, and victimization of A.D. for their own benefit." (Id. at ¶ 8.) This venture was "in violation of the TVPRA." (Id. at ¶ 9.)

The Complaint alleges that Defendants "actively participated in this illegal endeavor by knowingly or negligently providing lodging in which to harbor A.D. while he was trafficking her." (Id. at ¶ 48.) The "participation" with A.D.'s traffickers in the criminal activity was further identified as taking no action while A.D. was being trafficked at the hotel (Id. at ¶ 49) and failing to take reasonable measures to stop sex trafficking in the hotel (Id. at ¶ 50.)

As in Red Roof Inns, the Court finds insufficient factual allegations to plausibly establish that Choice participated in a common undertaking of a sex trafficking venture involving risk or profit. Red Roof Inns, 21 F.4th at 727. The Complaint asserts that A.D. was present at the Comfort Inn between March and July 2012. The "participation" in the sex trafficking venture is essentially that the alleged franchisor and the hotel operator did not fight hard enough to keep these traffickers from using the hotel. The Complaint acknowledges that Defendants opposed sex traffickers, but fault Defendants for taking ineffective steps to curtail the traffickers. This hardly sounds like participating in a venture. This is particularly true of a franchisor like Choice, which has no direct contact with its alleged venture partners. See Red Roof Inns, Inc., 21 F.4th at 726-27 (allegations that the franchisors received royalty fees based on gross room revenue, and supervised, oversaw, or controlled the operation of the renting of rooms at the hotels, showed a financial benefit but not participation in a common undertaking involving risk or profit); C.C. v. H.K. Grp. of Co., Inc., No. 1:21-cv-1345-TCB, 2022 WL 467813, 2022 U.S. Dist. LEXIS 29213, at *11 (N.D. Ga. Feb. 9, 2022)(same); G.G. v. Salesforce.com, Inc., No. 20-cv-02335, 2022 WL 1541408, 2022 U.S. Dist. LEXIS 87616, at *40-41 (N.D. Ill. May 16, 2022) ("In cases involving hotel franchisors, . . . claims that branded hotels rented rooms to people they knew or should

have known were engaged in sex trafficking may be "sufficient to state a plausible claim against the specific hotels where [the plaintiff] was trafficked, [but] they do not make a plausible claim that [the franchisors] directly participated in a venture that trafficked [the plaintiff].") (citation omitted)); J.M. v. Choice Hotels Int'l, Inc., No. 2:22-cv-00672-KJM-JDP, 2022 WL 10626493 at *4, 2022 U.S. Dist. LEXIS 190054, at *11 (E.D. Cal. Oct. 17, 2022)(finding no participation in a venture where the franchisor did not directly rent rooms to the sex trafficker, rather franchisee hotels did).  "[T]he TVPRA does not impose an affirmative duty to police and prevent sex trafficking." A.B. v. Wyndham Hotels & Resorts, Inc., 532 F. Supp. 3d 1018, 1027 (D. Or. 2021). See also Red Roof Inns, Inc., 21 F.4th at 727 ("[O]bserving something is not the same as participating in it."); L.H., 2022 U.S. Dist. LEXIS 91756, at *26 (finding that "any local business venture that simply allowed the trafficking by 'fail[ing] to combat sex trafficking through ineffective policies, procedures, and training for the purpose of maximizing their profit' was 'not enough to trigger TVPRA liability.'"); A.D. v. Wyndham Hotels & Resorts, Inc., 4:19CV120, 2020 U.S. Dist. LEXIS 250759, 2020 WL 8674205, at *3 (E.D. Va. July 22, 2020) ("[A] failure to affirmatively prevent or inhibit sex trafficking does not constitute participation.").

The Court finds that this element has not been plausibly pled in the Complaint, which will be dismissed without prejudice.

### C. Objective of the Venture

To satisfy the third element, plaintiff must allege that "the venture in which the defendant participated and from which it knowingly benefited must have violated the TVPRA as to the plaintiff." Red Roof Inns, 21 F.4th at 725. Here, the Complaint alleges that A.D. was sex trafficked in violation of § 1591(a). (Doc. #1, ¶¶ 9, 59-60.) These allegations are sufficiently pled.

### D. Knew Or Should Have Known That The Venture Violated The TVPRA As To Plaintiff

The fourth element of a TVPRA beneficiary claim comes from the statutory requirement that the defendant "knew or should have known [that the venture] has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). This requires the plaintiff to allege that the defendant had either actual or constructive knowledge that the venture violated the TVPRA as to the plaintiff. Red Roof Inns, 21 F.4th at 725. Thus, Plaintiff must plausibly allege that Choice at least constructively knew "that the venture in which they participated and from which they benefited violated the TVPRA as to" A.D. Red Roof Inns, 21 F.4th at 725. Since the "participation" and "venture" components are not sufficiently

12

plead, the actual or constructive knowledge of participation in such a venture cannot be plausibly pled either.

### IV.

Choice also challenges the alleged vicarious liability, and alternatively, seeks to strike immaterial allegations. (Doc. #15, p. 20.) The Vocisano Defendants also seek to strike certain paragraphs and dismiss the Complaint on shotgun pleading grounds. (Doc. #18, pp. 4-8.) Since the complaint must be amended, the Court finds it unnecessary to address these issues at this time.

Accordingly, it is now

**ORDERED:**

1. Defendant Choice Hotels International, Inc.'s Motion to Dismiss Plaintiff's Complaint, or In The Alternative, Motion to Strike, and Memorandum in Support (Doc. #15) is **GRANTED** as to the Motion to Dismiss and **DENIED as moot** as to the Motion to Strike.

2. Defendant R&M Real Estate Company, Inc., Robert Vocisano, and Mario Vocisano's Motion to Dismiss Plaintiff's Complaint or, In The Alternative, to Strike and Incorporated Memorandum of Law (Doc. #18) is **GRANTED** as to the Motion to Dismiss as set forth above, **and DENIED as moot** as to the Motion to Strike.

3. The Complaint (Doc. #1) is **DISMISSED without prejudice**.

4. Plaintiff is granted leave to file an amended complaint **within TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of April, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record